## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| LAURA GURGANUS, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | |
| TODD FURNISS, GLENDONTODD CAPITAL, LLC, MARY HATCHER, WADE N. BARKER, M.D. AND FPMC SERVICES, LLC, ALL INDIVIDUALLY AND D/B/A (1) THE MANAGEMENT COMPANY AT FOREST PARK MEDICAL CENTER, LLC, (2) THE MANAGEMENT COMPANY AT FOREST PARK MEDICAL CENTER II, LLC, (3) THE MANAGEMENT COMPANY AT FOREST PARK MEDICAL CENTER III, LLC, (4) THE MANAGEMENT COMPANY AT FOREST PARK MEDICAL CENTER IV, LLC, AND (5) FPMC SERVICES, LLC, AND (5) FPMC SERVICES, | § § § § § § § § § § § § § § § § § § | Civil Action No. 3:15-cv-03964-M |
| Defendants. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Defendants' Motion to Dismiss Plaintiff's First Amended Class

Action Complaint [Docket Entry #8].  For the reasons set forth below, the Court **GRANTS** the

Motion with regard to Plaintiff's federal law claim (Count One), but with leave to amend.  After

the filing of Plaintiff's Second Amended Class Action Complaint, the Court will determine

whether to exercise supplemental jurisdiction over Plaintiff's state law claims (Counts Two and

Three).  The Court therefore **DENIES** the remainder of the Motion.

## I.     BACKGROUND

This case arises out of the closure of Forest Park Medical Center, located in Dallas,

Texas (the "Dallas Facility").  Plaintiff Laura Gurganus filed this lawsuit in County Court at Law

No. 3 in Dallas, Texas, against her former employer, several individuals, and two limited

liability companies, asserting state law causes of action in connection with the Dallas Facility's

closure.  Defendants removed this action based on federal question jurisdiction.  On January 12,

2016, Plaintiff filed her First Amended Class Action Complaint ("Complaint") [Docket Entry

#5], which is the live pleading.

 Plaintiff alleges she was employed by FPMC Services to work as a scrub nurse at the

Dallas Facility.[1]  Compl. ¶ 5.  On or about October 31, 2015, she, "and other employees

employed at the Dallas Facility were notified of their immediate termination effective at noon

that day."  *Id.* ¶ 18.  Plaintiff and other employees at the Dallas Facility claim they had no prior

notice that they would be terminated, and that they were each deprived of at least three weeks of

pay to which they were entitled, as well as accrued benefits.  *Id.* ¶¶ 1-2.  Plaintiff, on behalf of

herself and the putative class, alleges violations of the Worker Adjustment and Retraining

Notification Act, 29 U.S.C. § 2101 *et seq.* (the "WARN Act") (Count One), as well as state law

claims for negligence (Count Two), and fraud by non-disclosure (Count Three), in connection

with the Dallas Facility's closure.  Plaintiff seeks to certify a class under Federal Rule of Civil

Procedure 23, and to recover back pay and benefits for herself, and on behalf of each former

employee in the putative class, and costs and attorney's fees.  Defendants are Todd Furniss,

---

[1] In its recitation of the facts, the Court accepts all well-pleaded facts in the Complaint as true, and views them in the light most favorable to Plaintiff.  *See Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

Mary Hatcher, Wade N. Barker, M.D, glendonTODD Capital, LLC, and FPMC Services, LLC

(the "Alter-Ego Defendants"), whom she alleges are "severally and collectively" liable for the

WARN Act violations.  *Id.* ¶¶ 1, 13.[2]

The Alter-Ego Defendants move to dismiss the Complaint pursuant to Federal Rule of

Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

## II.    LEGAL STANDARD

To defeat a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a

plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*,

550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks

for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*,

550 U.S. at 556).  The "[f]actual allegations must be enough to raise a right to relief above the

speculative level, on the assumption that all the allegations in the complaint are true (even if

doubtful in fact)[.]" *Twombly*, 550 U.S. at 555 (internal citations omitted).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain

statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

Although "the pleading standard Rule 8 announces does not require 'detailed factual

allegations,'" it does require more than "'labels and conclusions.'" *Iqbal*, 556 U.S. at 678

---

[2] The Alter-Ego Defendants are sued individually, and doing business as (1) The Management Company at Forest Park Medical Center, LLC, (2) The Management Company at Forest Park Medical Center II, LLC, (3) The Management Company at Forest Park Medical Center III, LLC, (4) The Management Company at Forest Park Medical Center IV, LLC, and (5) FPMC Services.  None of these five entities were served with process.

(quoting *Twombly*, 550 U.S. at 555).  Further, "a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.

III.    **ANALYSIS**

The Court first addresses Defendants' motion to dismiss Plaintiff's WARN Act claim.

A.      **The WARN Act**

The WARN Act prohibits an employer from ordering a "plant closing or mass layoff until the end of a 60-day period after the employer serves written notice" of the closure or layoff to its employees.  29 U.S.C. § 2102(a).  Employers that violate the WARN Act's notice requirement are liable to the affected workers for each day notice is not provided, for up to 60 days.  *Id.* § 2104(a).  "In short, [the] WARN [Act] imposes a statutory duty on businesses to notify workers of impending large-scale job losses and allows for limited damages designed to penalize the wrongdoing employer, deter future violations, and facilitate simplified damages proceedings."  *Hollowell v. Orleans Regional Hosp. LLC*, 217 F.3d 379, 382 (5th Cir. 2000) (internal quotation marks and citation omitted).

The WARN Act defines an employer as "any business enterprise" that employs 100 or more employees, but does not further define the term.  *See* 29 U.S.C. § 2101(a)(1).  "Because a plant closure often presages a corporation's demise, leaving workers with no source of satisfaction from their employer, plaintiffs have frequently sought damages from affiliated corporations," with claims arising from "non-WARN Act sources of law[.]"  *Pearson v. Component Tech. Corp.*, 247 F.3d 471, 476-77 (3d Cir. 2001).  The WARN Act itself does not address the situation where an employee cannot recover WARN Act damages from an insolvent or dissolved employer, and seeks to pursue other entities related to the former employer on the

theory that the other entity actually controlled the former employer and should be treated as an

employer for WARN Act purposes.  The Department of Labor ("DOL") has issued a regulation

setting forth relevant factors to determine whether "independent contractors and subsidiaries

which are wholly or partially owned by a parent company are treated as separate employers or as

part of the parent or contracting company."  20 C.F.R. § 639.3(a)(2).  The overriding concern in

answering that question is stated to be the "degree of [a subsidiary's] independence from the

parent."  *Id.*  Some of the factors to be considered are: "(i) common ownership, (ii) common

directors and/or officers, (iii) de facto exercise of control, (iv) unity of personnel policies

emanating from a common source, and (v) the dependency of operations."  *Id.*  Following the

lead of the Third Circuit, the Fifth Circuit has adopted the multi-factored test promulgated by the

DOL as the appropriate test for federal courts determining liability of alleged affiliates under the

WARN Act.  *See Administaff Cos. v. UNITE*, 337 F.3d 454, 457-58 (5th Cir. 2003) (citing with

approval *Pearson*, 247 F.3d at 490) ("As the Third Circuit explained, 'the DOL factors are the

best method for determining WARN Act liability because they were created with WARN Act

policies in mind. . . .'"); *see also Vogt v. Greenmarine Holding, LLC*, 318 F. Supp. 2d 136, 142-

46 (S.D.N.Y. 2004) (adopting the DOL's five-factor test to evaluate whether nominally separate

entities were liable as a "single employer" to laid-off employees for WARN Act violations).

**B**      **Plaintiff's WARN Act Claims**

    In Count One, Plaintiff alleges that her former employer, FPMC Services, is subject to

the notice and back pay requirements of the WARN Act, and that the Alter-Ego Defendants,

under the doctrines of alter ego or veil-piercing, are liable for FPMC Services' WARN Act

violations.  Compl. ¶¶ 39-45.  The question presented by Defendants' motion to dismiss Count

5

One is whether Plaintiff has alleged facts which, if true, are sufficient to show that within the meaning of the WARN Act, the Alter-Ego Defendants are employers of those employees laid off when the Dallas Facility closed in October 2015.  In support of dismissal, Defendants argue that "the WARN Act does not provide for relief against non-employers, and Plaintiff does not and cannot sufficiently allege that the non-Employer Defendants were part of a 'single employer' with FPMC Services for purposes of the WARN Act."  Defs.' Br. 1 [Docket Entry #9]. Defendants also argue that "Plaintiff's general alter-ego and veil-piercing allegations are insufficient to create any liability as a matter of law, as Plaintiff's conclusory allegations do not establish any entity as an alter ego and do not properly state a fraud claim for veil-piercing."  *Id.* In response, Plaintiff argues that she has adequately alleged that "the Alter-Ego Defendants controlled and operated FPMC Services – the name of the entity that employed [her]," and that she is "entitled to pierce the corporate veil of FPMC Services to impute the liability of FPMC Services onto the Alter-Ego Defendants." Pl.'s Resp. 17 [Docket Entry #13].

### 1.   *Direct Liability for WARN Act Violations*

#### a.   *FPMC Services*

Plaintiff alleges she was "employed by FPMC Services[.]" Compl. ¶ 5.[3]  However, as correctly noted by Defendants, FPMC Services is not included in the group of "Alter-Ego Defendants" repeatedly claimed to be responsible for the alleged failure to provide the requisite notice under the WARN Act.  *See, e.g.*, Compl. ¶ 43 ("The Alter-Ego Defendants willfully

---

[3] It is unclear from the Complaint whether Plaintiff is suing her former employer, FPMC Services, under the WARN Act.  Additionally, in her Response to Defendants' Motion to Dismiss, Plaintiff confusedly states that she was employed by FPMC Services, LLC, which is alleged in the Complaint to be a different entity.  *See* Pl.'s Resp. ¶ 1 [Docket Entry #13].  Further, as the Court has already noted, the docket sheet does not show that FPMC Services has been served with process.  *See supra* note 2.  Out of an abundance of caution, however, the Court will address whether Plaintiff has alleged facts which, if true, would state a claim for a WARN Act violation against FPMC Services.

violated the federal WARN Act by failing to provide the required notice."); *id.* ¶ 45 ("Plaintiff

and all similarly situated employees have been damaged by the acts of the Alter-Ego Defendants

constituting violations of the WARN Act[.]").  Even assuming FPMC Services had been served

with process, there are no allegations that FPMC Services, as Plaintiff's employer, failed to

provide sixty-days advance written notice of the Dallas Facility's closure.  The Court thus

concludes that Plaintiff has failed to state a claim against FPMC Services for violations of the

WARN Act.  *See* 28 U.S.C. § 2102.  Accordingly, the Court **grants** Defendants' Motion to

Dismiss Plaintiff's WARN Act claim against FPMC Services.

        *b.*        *glendonTODD Capital, LLC and FPMC Services, LLC*

Plaintiff asserts WARN Act claims against glendonTODD Capital, LLC and FPMC

Services, LLC.  To be directly liable as an employer under the Act, glendonTODD Capital, LLC

and  FPMC Services, LLC must be considered a "single employer" with FPMC Services.  *See*

*Administaff*, 337 F.3d at 457-58.  As already stated, the Fifth Circuit has adopted the five-factor

test developed by the DOL to evaluate whether legally distinct entities acted as a "single

employer" for purposes of WARN Act liability.  *See id.* (applying five-factor DOL test and

holding that a payroll and staffing company was not part of a "single employer" with its

customer who initiated a mass layoff, since the payroll company did not exercise control over the

layoff or share personnel policies with its customer).

In her response, Plaintiff does not address the five-factor DOL test, nor does she

otherwise argue that her pleadings satisfy such factors, instead relying only on general principles

of veil-piercing and alter ego under Texas law.  Absent single-employer liability, the WARN Act

only imposes direct liability on the Plaintiff's employer, which in this case Plaintiff alleges is

FPMC Services.  Compl. ¶ 5.  *See Administaff*, 337 F.3d at 457.  The Court concludes that

Plaintiff has failed to state a claim against glendonTODD Capital, LLC and FPMC Services,

LLC for single employer liability under the WARN Act, and **grants** Defendants' Motion to

Dismiss these claims.

> 2.    *Derivative Liability for WARN Act Violations by the Alter-Ego Defendants*

The Court now turns to Plaintiff's argument that the Court should pierce the corporate

veil and hold the Alter-Ego Defendants liable for a WARN Act violation.  *See* Compl. ¶¶ 1,

13-14.

Texas law recognizes that the corporate form can be disregarded in certain

circumstances, including:

> (1) when the [corporate] fiction is used as a means of perpetrating fraud;
>
> (2) where a corporation is organized and operated as a mere tool or business conduit of another corporation;
>
> (3) where the corporate fiction is resorted to as a means of evading an existing legal obligation;
>
> (4) where the corporate fiction is employed to achieve or perpetrate [a] monopoly;
>
> (5) where the corporate fiction is used to circumvent a statute; and
>
> (6) where the corporate fiction is relied upon as a protection of crime or to justify wrong.

*Castleberry v. Branscum*, 721 S.W.2d 270, 272-73 (Tex. 1986) (citations and footnotes omitted);

*see also Western Horizontal Drilling, Inc. v. Jonnet Energy Corp.*, 11 F.3d 65, 67 (5th Cir. 1994)

(The Fifth Circuit has "interpreted [*Castleberry*] as establishing three broad categories in which

a court may pierce a corporate veil: (1) the corporation is the alter ego of its owners and/or

shareholders; (2) the corporation is used for illegal purposes; and (3) the corporation is used as a

sham to perpetrate a fraud.").  While the factors listed in *Castleberry* still apply in tort actions,

the holding in *Castleberry* that failure to observe corporate formalities is a factor in proving an

alter ego theory in actions for breach of contract has been abrogated by statute and now actual

fraud must be shown.  *See* Tex. Bus. Corp. Act art. 2.21, *re-codified* at Tex. Bus. Orgs. Code §

21.223.  The parties do not address whether a WARN Act claim is analogous to a tort or contract

action.  Although the Fifth Circuit has encountered the issue, it has not yet resolved the question.

 *See Hollowell*, 217 F.3d at 386.  For the reasons that follow, regardless of whether a WARN Act

claim is considered more like a tort or contract claim, the Court concludes that the allegations in

the Complaint are insufficient to warrant piercing the corporate veil to impose WARN Act

liability on the Alter-Ego Defendants.

Plaintiff alleges she "and all other similarly situated persons, suffered employment losses

due to the acts and omissions of the Alter-Ego Defendants and did not receive the 60 day notice

required by the WARN Act."  Compl. ¶ 19.  She alleges that:

> Rather than issue timely notice under the WARN Act and in order to protect their
> own personal interests and further their financial gain, the Alter-Ego Defendants –
> through their control and direction of The Management Company at Forest Park
> Medical Center and FPMC Services, continued to operate the Facility -
> employing Plaintiff and her co-workers – in order to increase the likelihood of the
> sale of the Facility and/or the acquisition of additional financing.  The Alter-Ego
> Defendants did so in an attempt to further their own financial gain.

*Id.* ¶ 16.  Plaintiff further alleges that "[d]espite the illusion of independent business

relationships and 'arms-length' transactions, the facts show that the Alter-Ego Defendants Todd

Furniss, glendonTODD Capital, LLC, Mary Hatcher, Wade N. Barker, M.D. and FPMC

Services, LLC": (i) controlled the operation, management and direction at the Dallas Facility; (ii)

"called the shots" of FPMC Services, "including decisions about whether or not employees

9

would be directed to work despite the lack of funds to pay wages"; (iii) "called the shots" at the Management Company of Forest Park Medical Center, "including decisions about what claims would get paid and not paid"; (iv) possessed actual knowledge that the Dallas Facility was no longer solvent and, despite that knowledge, directed Plaintiff and her fellow employees to continue working at the Dallas Facility, (v) possessed actual knowledge that there was either no financial ability or no present intent to compensate Plaintiff and her fellow employees for their work, (vi) failed to timely disclose the fact that Plaintiff and her fellow employees would not be compensated for services rendered despite having the obligation to do so; (vii) "did these things in a manner they knew would result in a mass layoff of the Dallas Facility workforce without full payment of accrued wages"; and (viii) failed to make such disclosures for their own financial gain and personal investment. *See id.* ¶ 2.

Conclusory allegations that the Alter-Ego Defendants "called the shots" at FPMC Services and at The Management Company of Forest Park Medical Center, and vague allegations that the Alter-Ego Defendants operated, controlled, and managed the Dallas Facility, are insufficient to allege a plausible theory of liability. This is especially true where, as here, a plaintiff is seeking to pierce the corporate veil based on allegations of actual or constructive fraud. *See generally In re Parkcentral Global Litig.*, 2010 WL 3119403, at *10 (N.D. Tex. Aug. 5, 2010) (Lynn, J.) (granting motion to dismiss where "Plaintiffs offer conclusory accusations lacking factual support and lump all Defendants together and merely restate some elements of proof necessary to pierce the corporate veil, without providing necessary factual allegations").

It is impossible to tell from the Complaint what corporate veil Plaintiff seeks to pierce — that of FPMC Services, The Management Company at Forest Park Medical Center,

glendonTODD Capital, LLC, or FPMC Services, LLC.  She fails to allege which entity acted fraudulently or as an alter ego for which other party.  As to the three individual defendants, Todd Furniss, Mary Hatcher, and Wade N. Barker, M.D., Plaintiff fails to allege which of these individuals is liable as the alter ego of which entity, nor does she state facts giving rise to any individual's liability on behalf of any entity.  In addition to being conclusory and formulaic, this type of group pleading fails to meet the pleading requirements of Federal Rule of Civil Procedure 8.  *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556) (under the pleading requirements of Rule 8, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that *the defendant* is liable for the misconduct alleged.") (emphasis added).   As correctly stated by Defendants, "Plaintiff's group pleading fails to state a claim and makes it impossible to ascertain which particular Defendant(s) are supposedly responsible for the acts allegedly creating the WARN Act violation."  Defs.' Br. 7 [Docket Entry #9].

For these reasons, the Court concludes that Plaintiff has failed to allege facts which, taken as true, are sufficient to pierce the corporate veil to extend WARN Act liability for the Dallas Facility's closure to the Alter-Ego Defendants.  Accordingly, the Court **grants** Defendants' Motion to Dismiss Plaintiff's WARN Act claim against the Alter-Ego Defendants.[4]

Although the Court is dismissing Plaintiff's WARN Act claim, it will permit Plaintiff to replead.  "[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the

---

[4] The Court also rejects Plaintiff's argument that she "pled facts which give rise to Defendants' liability in their individual capacity . . . ."  *See* Pl.'s Resp. 15-16.  In contrast to the cases upon which she relies, Plaintiff has not alleged that Defendants Todd Furniss, Mary Hatcher, or Wade N. Barker, M.D, made any affirmative or misleading representation to her or that she ever had any contact with any of them.

plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). In this case, Plaintiff has requested leave to amend in the event the Court finds her pleadings deficient. The Court allows Plaintiff until **August 12, 2016**, to amend her Complaint.

### C.   Counts Two (Negligence) and Three (Fraud by Non-Disclosure)

Defendants move to dismiss Plaintiff's state law claims alleged in Counts Two and Three of the Complaint. After the filing of Plaintiff's Second Amended Class Action Complaint, the Court will determine whether to exercise supplemental jurisdiction over Plaintiff's state law claims. Accordingly, the Court **denies without prejudice** Defendants' Motion to Dismiss Counts Two and Three.

## IV.   CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss Plaintiff's First Amended Class Action Complaint is **GRANTED IN PART** and **DENIED IN PART**. Specifically, the Motion is **GRANTED** with regard to Plaintiff's WARN Act claim (Count One), and **DENIED without prejudice** in all other respects. Plaintiff's WARN Act claim (Count One) is hereby **DISMISSED without prejudice**, and Plaintiff is **GRANTED** leave to file an amended complaint by **August 12, 2016**. If Plaintiff fails to timely amend her pleadings, the Court will decline to exercise supplemental jurisdiction over the remaining state law claims, which will be remanded to state court.

**SO ORDERED.**

**July 13, 2016.**

**BARBARA M. G. LYNN**
**CHIEF JUDGE**