IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAURA GURGANUS, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED, | § § § § | |
| Plaintiffs, | § § | |
| | § | Civil Action No. 3:15-CV-03964-M |
| v. | § § | |
| TODD FURNISS, et al., | § § | |
| Defendants. | § § | |

## ORDER OF DISMISSAL AND REMAND

Before the Court is Plaintiff's Waiver of WARN Act Claim in Response to the Court's Memorandum Opinion and Order and Request for Remand [Docket Entry #18].  For the reasons stated below, in addition to those previously stated in the Court's July 13, 2016, Memorandum Opinion and Order [*see* Docket Entry #17], Plaintiff's WARN Act claim is **DISMISSED WITH PREJUDICE**, and the remaining state law claims are **REMANDED** to County Court at Law No. 3 in Dallas, Texas.

## I.    BACKGROUND

This case arises out of the closure of Forest Park Medical Center, located in Dallas, Texas (the "Dallas Facility").  On November 13, 2015, Plaintiff Laura Gurganus filed this lawsuit in County Court at Law No. 3 in Dallas, Texas, asserting state law causes of action against her former employer and others for negligence, fraud, and conversion in connection with the Dallas Facility's closure.  Defendants removed this action based on federal question jurisdiction, asserting that the state law claims implicated federal statutes.  On January 12, 2016, Plaintiff filed an amended

1

complaint, on behalf of herself and a putative class, adding a claim for violations of the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.* (the "WARN Act") (Count One), and re-alleging her state law claims of negligence (Count Two), and fraud by non-disclosure (Count Three). Defendants moved to dismiss all claims pursuant to Federal Rule of Civil Procedure 12(b)(6). On July 13, 2016, the Court granted Defendants' motion to dismiss Plaintiff's WARN Act claim, allowed Plaintiff until August 12, 2016, to replead, and deferred consideration of whether to exercise supplemental jurisdiction over the state law claims until after Plaintiff filed an amended complaint. *See* Mem. Op. and Ord. 12 [Docket Entry #17]. In addition, recognizing that Plaintiff had requested remand as an alternative to repleading in her response to the motion to dismiss, the Court ordered that it would remand the remaining state law claims if Plaintiff opted not to replead her WARN Act claim. *Id.* On July 26, 2016, Plaintiff notified the Court that, rather than amending, she was opting instead to waive her WARN Act claim. *See* Pl.'s Waiver of WARN Act Claim in Resp. to the Court's Mem. Op. and Ord. [Docket Entry #18]. On August 1, 2016, Defendants filed a response thereto, contending that Plaintiff's waiver of her WARN Act claim was "a blatant attempt at forum shopping," and urging the Court to exercise jurisdiction over the remaining state law claims, rather than remand. Defs.' Resp. 11 [Docket Entry #20].[1] Although the Court granted Plaintiff leave to respond to Defendants' filing, Plaintiff opted not to file a response.

## II.    ANALYSIS

In their Notice of Removal, Defendants asserted that Plaintiff's state law claims implicated federal statutes, and therefore gave rise to federal question jurisdiction. Specifically, Defendants stated:

---

[1] On July 26, 2016, counsel for Defendants contacted the Court's law clerk and requested leave to respond to Plaintiff's filing, which the Court allowed. *See* Order [Docket Entry #19].

> This Court has federal-question jurisdiction over this case pursuant to 28 U.S.C.
> §§ 1331 and 1441 because Plaintiff's Petition provides Defendants notice of
> purported violations of the [WARN Act] and the Fair Labor Standards Act
> ("FLSA"), which are both federal statutes. Because Plaintiff's Petition alleges
> violations of federal statutes that form the basis of Plaintiff's claims and the
> underlying facts, this Court has federal question jurisdiction.

Defs.' Notice of Removal 2 [Docket Entry #1].  In their current Response to Plaintiff's waiver of

her WARN Act claim, Defendants reurge these arguments, contending that this Court should

retain jurisdiction over the remaining state law claims because they necessarily implicate the

WARN Act and the FLSA.  Alternatively, Defendants argue that the Court should retain

supplemental jurisdiction over the remaining state law claims under the statutory factors set forth

in 28 U.S.C. § 1367(c), and the common law factors outlined in *Carnegie-Mellon University v.*

*Cohill*, 484 U.S. 343, 350 (1998).  The Court considers these arguments in turn.

### A.      Substantial Federal Question Doctrine

Section 1441(a) of Title 28 authorizes a defendant to remove to federal court any civil

action brought in state court over which the district court has original jurisdiction.  28 U.S.C.

§ 1441(a).  The removal statute should be strictly construed in favor of remand, and Defendants

bear the burden of demonstrating that federal jurisdiction exists.  *See De Aguilar v. Boeing Co.,*

47 F.3d 1404, 1408 (5th Cir. 1995); *Manguro v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720,

723 (5th Cir. 2002).  It is undisputed that the parties are not completely diverse citizens and that

Plaintiff does not assert a cause of action created by federal law, but rather asserts causes of

action for negligence and fraud.  This case was therefore removable in the first instance only if

Plaintiff's state law claims arise under federal law pursuant to 28 U.S.C. § 1331, which provides

that "[t]he district courts shall have original jurisdiction of all civil actions arising under the

Constitution, laws, or treaties of the United States."

3

A federal court has federal question jurisdiction over an action only if "a federal question appears on the face of the plaintiff's well-pleaded complaint." *Elam v. Kan. City S. Ry. Co.,* 635 F.3d 796, 803 (5th Cir. 2011). The complaint must establish that "federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh,* 547 U.S. 677, 690 (2006); *Borden v. Allstate Ins. Co.,* 589 F.3d 168, 172 (5th Cir. 2009). Federal question jurisdiction, however, does not arise from the "mere presence of a federal issue in a state cause of action." *Merrell Dow Pharms., Inc. v. Thompson,* 478 U.S. 804, 813 (1986); *see also Singh v. Duane Morris, LLP*, 538 F.3d 334, 338 (5th Cir. 2008). The Supreme Court has not "treated 'federal issue' as a password opening federal courts to any state action embracing a point of federal law." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 314 (2005). Rather, the Supreme Court has "confined federal-question jurisdiction over state-law claims to those that really and substantially involve a dispute or controversy respecting the validity, construction or effect of federal law." *Id.* at 313 (internal quotation marks and brackets omitted).

Although the Supreme Court has not provided a "single, precise definition" of statutory "arising under" jurisdiction, *Merrell Dow,* 478 U.S. at 808, it has stated that "the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable,* 545 U.S. at 314. Based on *Grable,* the Fifth Circuit has set forth a four-factor test that must be satisfied to establish federal question jurisdiction when there is a federal issue present in a state law claim: (1) the resolution of the

federal issue is necessary for the resolution of the state law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities.  *Singh,* 538 F.3d at 338.

In this case, Defendants are not asserting that federal law creates any of the causes of action.  Instead, Defendants are asserting that the presence of federal issues in the state-created causes of action confers federal question jurisdiction.  Specifically, Defendants contend that federal question jurisdiction exists because Plaintiff includes as an allegation in her negligence claim that Defendants had duties to her under the WARN Act and FLSA, and breached these duties.  Defendants also argue that, because Plaintiff incorporates by reference all preceding paragraphs of her Complaint (which include those alleging negligence) into her fraud claim, her fraud claim also necessarily raises a federal issue that is actually disputed and substantial.

Having analyzed the four relevant factors set forth in *Singh*, *supra*, the Court concludes that the case should be remanded. The Court first considers whether the resolution of the federal issue is necessary for the resolution of the state law claims of negligence and fraud.  While Defendants' alleged violation of duties under federal statutes may be an issue in the case, resolving those federal issues will not necessarily be dispositive of the entire case.  State law negligence and fraud claims have been asserted in connection with Defendants' alleged failure to disclose to employees that the Dallas Facility was being closed, and even if Plaintiff is ultimately unable to demonstrate that a federal statute was violated, she may be able to show that Defendants were still negligent or engaged in fraud under Texas law.  Therefore, resolving the federal issue is not necessary to resolution of the state law claims, and the Court concludes that the first analytical factor is not satisfied.

5

Second, the Court looks to whether the federal issue is actually disputed.  While there is a dispute as to whether Defendants violated a federal statute, there is no dispute concerning the meaning of any federal statute.  Therefore, the nature of the disputed federal issue is not a pure legal issue like the one presented in *Grable*, *supra*, but a fact-intensive one like the issues presented in *Empire*, *supra*, where the Court found remand warranted.[2]  The Court finds that the second factor is not satisfied.

The third factor is whether the federal issue is substantial.  The Court finds that, while Congress has created a private cause of action under the FLSA and the WARN Act, this factor alone is not determinative since all four factors must be satisfied.  Further, the mere presence of an FLSA or WARN Act issue in a state law tort case does not automatically satisfy the substantiality prong of the requisite analysis.

The last factor is whether federal jurisdiction will disturb the balance of federal and state judicial responsibilities. The Court finds that, in this case, it would.  Plaintiff's lawsuit, while including allegations of duties arising under federal statutes, is a relatively common state tort action, and the state court is capable of determining whether a federal statute has been violated and whether such a violation proves that Defendants were negligent or engaged in fraud in

---

[2] Federal jurisdiction is favored in cases that present "a nearly 'pure issue of law' . . . 'that could be settled once and for all and thereafter would govern numerous . . . cases.'"  *Empire Healthchoice,* 547 U.S. at 700 (quoting Richard H. Fallon, Jr., Daniel J. Meltzer, & Daniel L. Shapiro, Hart & Wechsler's The Federal Courts and the Federal System 65 (2005 Supp.)).  Conversely, federal jurisdiction is disfavored for cases that are "fact-bound and situation-specific" or which involve substantial questions of state as well as federal law, such as the instant case.  *Id.* at 701.

connection with disclosures they made, or failed to make, to employees at the Dallas Facility.[3] The mere allegation that a federal statute has been violated is insufficient to create federal-question jurisdiction, and no other basis of federal court jurisdiction has been argued in Defendants' response to Plaintiff's waiver of her WARN Act claim. *See Merrell Dow*, 478 U.S. at 813 (noting the "long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction.").

For the above-stated reasons, the Court rejects Defendants' argument that federal question jurisdiction is conferred on this Court by Plaintiff's inclusion of alleged duties under the WARN Act and FLSA in Plaintiff's negligence claim, or by virtue of incorporating by reference her negligence allegations into her fraud claim. Accordingly, as only state law claims remain, remand is required unless the Court concludes that the exercise of supplemental jurisdiction is warranted in this case.

### B.   Supplemental Jurisdiction

Defendants argue that the Court should retain supplemental jurisdiction over the remaining state law claims under the statutory factors set forth in 28 U.S.C. § 1367(c), and the common law factors outlined in *Carnegie-Mellon*, 484 U.S. at 350. Having considered these factors, the Court rejects Defendants' argument, and concludes that they weigh in favor of remand.

Section 1367(c) provides that a district court may decline to exercise supplemental

---

[3] Moreover, in considering the balance of federal and state judicial responsibilities, the Court notes that state and federal courts have concurrent jurisdiction over FLSA claims, *see* 29 U.S.C. § 216(b), and the Court has dismissed Plaintiff's WARN Act claim, both factors influencing the Court's decision to remand.

jurisdiction over a state law claim if:

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).  The common law factors set out in *Carnegie-Mellon* include judicial economy, convenience, fairness, and comity.  *Enochs v. Lampass County*, 641 F.3d 155, 159 (5th Cir. 2011); *see Carnegie-Mellon*, 484 U.S. at 350.

The Court finds that the statutory factors set forth in 28 U.S.C. § 1367(c), as well as common law factors, weigh in favor of the Court declining to exercise supplemental jurisdiction over the remaining state law claims.  This determination is in accord with "[t]he general rule . . . that a court should decline to exercise jurisdiction over remaining state-law claims when all the federal-law claims are eliminated before trial[.]"  *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009).  Furthermore, when the federal claims are dropped at an early stage of the litigation, the district court has a "powerful reason to choose not to continue to exercise jurisdiction."  *Enochs*, 641 F.3d at 161 (quoting *Carnegie-Mellon*, 484 U.S. at 351.  It is within the discretion of the district court to decide whether to retain jurisdiction over a case where all the federal claims have been eliminated and only state law claims remain.  *Id.*; *see also Guzzino v. Felterman*, 191 F.3d 588, 595 (5th Cir. 1999) ("[W]e are mindful of the wide discretion vested in the trial court to order a remand of state claims on the heels of dismissal of federal claims.").

The Court has dismissed all claims over which it has original jurisdiction.  28 U.S.C. §

8

1367(c)(2).  The Court has not invested "a significant amount of judicial resources in the litigation," such that considerations of judicial economy and convenience weigh in favor of exercising supplemental jurisdiction over the state law claims.  *See id.*  This lawsuit has been pending in this Court for less than eight months.  This Court has not issued a scheduling order, and, to the Court's knowledge, the parties have not conducted any discovery.  The state law claims will necessarily dominate the litigation going forward.  *See id.* § 1367(c)(3).  And though the state law claims may not raise particularly novel or complex issues under Texas law, *see* 28 U.S.C. § 1367(c)(1), neither are they the simplest or most routine issues of Texas law.

The judicial economy inquiry primarily focuses on the amount of judicial resources that have been expended on the case up to the point of remand.  *See Enochs*, 641 F.3d at 159-60.  The only judicial resources expended thus far are those related to Defendants' motion to dismiss the WARN Act claim and Defendants' current challenge to remand.  The Court has not expended time or resources on the state law claims involved, and this factor weighs heavily in favor of remand.  With regard to convenience and fairness, nothing in the record suggests it would be less convenient or unfair to litigate the case in state court in Dallas, Texas.  As stated by the Fifth Circuit, "it [is] certainly fair to have [ ] the purely Texas state law claims heard in Texas state court[.]" *Id.* at 160.  In addition, as already noted, Plaintiff requested, in the alternative to repleading, that the Court remand her remaining state law claims in the event it dismissed her WARN Act claim, and Defendants did not voice any opposition to this request in their reply brief.  Nor did Defendants ask the Court to reconsider its ruling that, absent the filing of an amended complaint, "the Court will decline to exercise supplemental jurisdiction over the remaining state law claims, which will be remanded to state court."  Mem. Op. and Ord. at 12

9

[Docket Entry #17].  Finally, the last factor, comity, weighs in favor of remand, as retaining jurisdiction would disrupt the balance of congressionally approved federal and state judicial responsibilities.  *See id.* ("[C]omity demands that the important interests of federalism and comity be respected by federal courts, which are courts of limited jurisdiction and not as well equipped for determination of state law as are state courts.") (internal quotations and citation omitted).

After balancing the relevant statutory and common law factors, the Court concludes that the factors weigh in favor of remand.  Accordingly, the Court declines to exercise supplemental jurisdiction over the remaining state law claims, and remands this action to state court.

## III.   CONCLUSION

For the reasons stated above, and in the Court's July 13, 2016, Memorandum Opinion and Order [Docket Entry #17], Plaintiff's WARN Act claim is hereby **DISMISSED WITH PREJUDICE**, and this lawsuit is **REMANDED** to County Court at Law No. 3 in Dallas, Texas. The clerk of court shall effect the remand in accordance with the usual procedure.

SO ORDERED.

August 12, 2016.

BARBARA M. G. LYNN
CHIEF JUDGE